Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SIXTO SEPÚLVEDA CARRASQUILLO<br><br>Recurrido<br><br>v.<br><br>SONIA I. BATISTA CARRASQUILLO<br><br>Peticionaria | TA2025CE00723 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre: Ley 284<br><br>Caso Núm. SJL2842025-5923 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

La peticionaria, señora Sonia I. Batista Carrasquillo (en adelante, peticionaria), comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de Carolina, el 16 de octubre de 2025, y notificada el 22 del mismo mes y año. Mediante la misma, el tribunal de hechos denegó una solicitud de orden de protección a favor de la peticionaria, al amparo con lo dispuesto en la *Carta de Derechos y la Política Pública del Gobierno a favor de los Adultos Mayore*s, Ley Núm. 121 de 1 de agosto de 2019, 8 LPRA sec. 1511 *et seq.*

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

### I

Según surge de los documentos que obran en el expediente de autos, el 16 de octubre de 2025, se celebró una vista para dirimir los méritos de una solicitud de orden de protección al amparo de la Ley Núm. 121, *supra,* en contra del señor Sixto Sepúlveda Carrasquillo y la señora Leslie V. Sepúlveda Carrasquillo. Luego de

evaluar la prueba presentada, el Tribunal de Primera Instancia concluyó que no surgían los elementos necesarios para conceder una orden de protección.

Inconforme, la peticionaria presentó ante nos el recurso de epígrafe, en el cual no hizo un señalamiento de error, sino que expresó su inconformidad con la determinación recurrida.

Luego de examinar el expediente de autos y contando con el beneficio de la regrabación de la audiencia celebrada el 16 de octubre de 2025, procedemos a disponer del asunto que nos ocupa.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Constituye una norma judicial clara y establecida que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *W.M.M., P.F.M. et al. v. Colegio et al.,* 211 DPR 87, 902-903 (2023); *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *W.M.M., P.F.M. et al. v. Colegio et al.,* supra; *Citibank et al v. ACBI et al.,* supra, pág. 735. Su más adecuado ejercicio está inexorablemente atado al concepto de

la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Íd.*; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729; *García v. Asociación*, 165 DPR 311 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

### III

Al entender sobre el expediente que nos ocupa, resolvemos que no concurre criterio alguno que amerite que impongamos nuestras facultades sobre lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos, ni en la regrabación de la vista celebrada el 16 de octubre de 2025 sugiere que, en el ejercicio de sus funciones adjudicativas, el tribunal primario haya incurrido en error o en abuso de discreción, ello a fin de suprimir la norma de abstención judicial que, en dictámenes como el de autos, regula nuestras funciones. Siendo de este modo, no podemos sino abstenernos de intervenir con el asunto traído a nuestra consideración. Así, por no concurrir los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, denegamos expedir el presente auto.

### IV

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones